# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. MEDVED, | ) | CASE NO. 1: 21-cv-2272 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion by defendant U.S. Department of Justice ("DOJ") to dismiss the complaint of plaintiff John Medved ("Medved") (Doc. No. 3), which Medved opposed (Doc. No. 4). Also before the Court is Medved's motion to proceed with this matter *in forma pauperis*. (Doc. No. 2.) For the reasons that follow, Medved's motion to proceed *in forma pauperis* is granted and the DOJ's motion to dismiss the complaint is granted.

## Background

The instant action is one in a series of *pro se* actions filed by Medved, a former federal prisoner, alleging violations of various rights in connection with his federal conviction and incarceration in *United States v. Medved*, 4:76-cr-45 (N.D. Ohio) ("Criminal Case"). (*See* Doc. No. 1.) In this case, Medved raises three claims for relief which he identifies as "complaints."

First, Medved seeks money damages under 28 U.S.C. § 1495 for unjust conviction, imprisonment, and unlawful supervision by the U.S. Parole Commission. (*See* Doc. No. 1 at 1 and 17–20.[1]) Second, Medved claims that his right to due process under the Fifth Amendment and "USC Code No. 2071" was violated by the destruction of sentencing transcripts and the transcripts of the testimony of certain government witnesses in the Criminal Case, and by the trial court's denial of his right to an evidentiary hearing on the issue of whether government witnesses were coerced by the prosecution to commit perjury. (*See id.* at 1.) And third, Medved claims that he was denied effective assistance of counsel when the court refused to permit his counsel to withdraw from representing him on direct appeal in the Criminal Case. (*See id*. at 2–3). With respect to claims two and three, Medved seeks money damages and another trial in the Criminal Case. (*See id.* at 1, 4.)

In its motion to dismiss, the DOJ argues that no matter the labels Medved has applied to his complaint, this action constitutes a collateral attack on his federal conviction and is barred by the law-of-the-case doctrine because the Sixth Circuit affirmed his convictions on direct appeal, subsequently affirmed the district court's denial of his motion to vacate pursuant to 28 U.S.C. § 2255 on the grounds that he was denied ineffective assistance of appellate counsel, and denied Medved authorization to proceed with a successive § 2255 petition wherein he asserted the same claims as in the instant action.[2] (*See* Doc. No. 3 at 1–2.) Because the Sixth Circuit denied Medved

---

[1] Page number references are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system.

[2] In his successive § 2255 petition, Medved asserted that (1) he was denied effective assistance of counsel when his appellate counsel was not permitted to withdraw from representing him on direct appeal; (2) his due process rights were violated because the government destroyed his and two codefendants' sentencing transcripts; and (3) he had newly discovered evidence showing that a material government witness was coerced into giving testimony against him at trial. (*See* Criminal Case Doc. No. 94.)

2

collateral review of the same issues presented here, the DOJ argues that decision governs the instant action under the law-of-the-case doctrine unless extraordinary circumstances exist which are not present here. (*See* Doc. No. 3 at 3–4.) In opposing the DOJ's motion, Medved contends that the exception to the law-of-the-case doctrine applies here and this action should not be dismissed. (Doc. No. 4.) The Court need not reach these arguments, however, because Medved's complaint is subject to dismissal on other grounds.

### Analysis

**A. Claim 1**

For his first claim, Medved asserts he has "found the Federal statute 28 U.S.C. § 1495 that gives this court jurisdiction" over the claims he asserted in Northern District of Ohio Case No. 4:16-cv-2334 which were dismissed by this Court for lack of subject matter jurisdiction.[3] (Doc. No. 1 at 1.) But 28 U.S.C. § 1495 does not help Medved's cause. Section § 1495 provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

This Court is not the United States Court of Federal Claims and does not have jurisdiction to hear claims brought under § 1495. Moreover, in order to pursue a claim under § 1495 in the Court of Federal Claims, a person must allege and prove the statutory requirements set out in 28 U.S.C. § 2513(a), *i.e.*, that: (1) his "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found

---

[3] In Case No. 4:16-cv-2334, the Court dismissed a civil rights action for money damages Medved brought against the DOJ and U.S. Parole Commission alleging that the Parole Commission violated his constitutional rights in connection with his parole in the Criminal Case. *Medved v. U.S. Dep't of Just.*, No. 4:16-cv-2334, 2017 WL 6731495 (N.D. Ohio Dec. 29, 2017). After the Court denied Medved's motion for reconsideration, *Medved v. U.S. Dep't of Just.*, No. 4:16-cv-2334, 2018 WL 2738874 (N.D. Ohio June 7, 2018), Medved appealed to the Sixth Circuit, and the Sixth Circuit affirmed the Court's decision, *Medved v. U.S. Dep't of Just.*, No. 18-3626, 2019 WL 3010790 (6th Cir. June 28, 2019).

not guilty of such offense . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction"; and (2) he "did not commit any of the acts charged . . . ." *Fourstar v. United States*, 122 Fed. Cl. 596, 599 (Fed. Ct. Cl. 2015) (quoting § 2513(a)). Medved's complaint on its face fails to allege facts satisfying these mandatory statutory requirements. *See id*. (dismissing action brought under § 1495).

Fed. R. Civ. P. 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This Court lacks jurisdiction over Medved's purported § 1495 claim and claim 1 is dismissed.

**B. Claims 2 and 3**

In claims two and three, Medved attacks his federal conviction and seeks money damages and a "tribunal hearing by a jury shall decide that the imprisonment in my [Criminal Case] did not confirm [sic] with the fundamental requirements of law[.]" (Doc. No. 1 at 1, 4.) "[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255[.]" *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (citations omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). As an initial matter, this Court is not the sentencing court.

Moreover, Medved is no longer in federal custody.[4] Therefore, he does not satisfy the "in custody" requirement of § 2255.[5]

To the extent that Medved is attempting to bring a *Bivens*-type action with respect to his allegedly unconstitutional conviction and imprisonment, he is barred from doing so by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) because he has not shown that his conviction has been declared invalid or otherwise impugned. *See Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998) (applying *Heck* to an action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)).

Claims 2 and 3 of Medved's complaint is dismissed.

## Conclusion

For all of the foregoing reasons, this action is dismissed. Medved's motion to proceed *in forma pauperis* is granted. (Doc. No. 2.)

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 11, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] *See* https://www.bop.gov and Doc. No. 1 at 17.

[5] In 2018, when Medved filed a § 2255 petition in the Criminal Case asserting the same grounds for relief that he asserts here in claims 2 and 3, the Sixth Circuit declined to authorize a second successive § 2255 petition because Medved was no longer in federal custody. (*See* Criminal Case Doc. Nos. 91, 92, 94 and 95.) At the same time, the Sixth Circuit determined that to the extent that Medved was seeking the alternative remedy of a writ of mandamus, such relief was not warranted because Medved did not identify an extraordinary situation to establish that he is entitled to mandamus relief. (*See* Criminal Case Doc. No. 95 at 2–3.)